IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEPHEN DODD,

Defendant.                                                  No. 06-CR-30167-DRH

## ORDER

**HERNDON, Chief Judge:**

Now before the Court is Defendant's request for clarification (Doc. 562). Defendant moves the Court for a supplemental order granting his request that his time of imprisonment should be credited for time served. Based on the following, the Court denies the request.

On May 22, 2009, the Court sentenced Defendant to 14 months imprisonment (Docs. 557 & 559). During the pronouncement of sentence, the Court thoroughly addressed Defendant's request. Among other things as to Defendant's sentence, the Court found:

> "But that doesn't take away from the fact it's a serious crime because anybody that plays any part or role in drug conspiracy is committing a serious offense. And when you couple that with the defendant's history and characteristics, which is to say his criminal history and the fact that this is just not the first time he's done this, it's – that in and of itself is reason enough to exercise the court's discretion to find that simply giving time served, putting somebody in drug rehabilitation with an ankle monitor for some period of time is just not going to answer the objectives of the sentencing statute. Just not going to happen. It does

not recognize the need to punish the crime at hand or to serve the objectives of the sentencing statute. It's just not a realistic answer to the crime at hand. It just won't serve the interests of society.
...
But for me to address the factor of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for offense, there's simply no way to justify a sentence of time served or drug rehabilitation in exchange for incarceration or home confinement or house arrest in exchange for incarceration."

However, the motion is ambiguous and if the request of the motion is that the formal judgment order of the Court should have reflected a finding of the Court that the time already served by the Defendant should be credited by the Bureau of Prisons against his unfulfilled prison time, the Defendant should be advised that the Bureau will automatically credit his related time in custody in that fashion and the Court need not make such a finding. Therefore, such a finding is redundant.

Accordingly, the Court **DENIES** Defendant's request for clarification (Doc. 562), regardless of which interpretation one applies to the request.

**IT IS SO ORDERED.**

Signed this 1st day of June, 2009.

/s/        *David R Herndon*
**Chief Judge
United States District Court**